```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
ANNE BRYANT,
                                  :
           Plaintiff,                  REPORT & RECOMMENDATION
                                  :
     -against-                         14 Civ. 5765 (PAC)(MHD)
                                  :
AMERICAN SOCIETY OF AUTHORS,
COMPOSERS AND PUBLISHERS          :
et al.,
                                  :
           Defendants.
---------------------------------x                    10/16/14
```

TO THE HONORABLE PAUL A. CROTTY, U.S.D.J.:

By letter dated October 8, 2014, pro se plaintiff Anne Bryant advised the court that she wished to voluntarily dismiss her lawsuit without prejudice under Rule 41(a)(1)(A). In that letter (a copy of which is annexed to this Report and Recommendation ("R&R")), she stated her assumption that Rule 41(a)(1)(A)(i) -- which permits such dismissal without order of the court -- was inapplicable because the parties had stipulated to extend to November the time of defendant American Society of Authors, Composers and Publishers ("ASCAP") to answer the complaint, and therefore she indicated her desire to dismiss under Rule 41(a)(1)(A)(ii), which requires a stipulation of the parties. In response, we issued an order yesterday noting that the stipulation extending ASCAP's time to answer did not preclude plaintiff filing

1

a voluntary dismissal, since no answer or other response to the complaint has yet been received, and that it appeared appropriate to deem Ms. Bryant's October 8 letter a notice of dismissal. In the same order, however, we invited ASCAP to state in writing whether it objected to such a proposed disposition of the case. We have since received a letter from ASCAP's counsel stating that ASCAP (the only defendant served in this case) has no "reason to oppose Your Honor's recommendation that the action . . be dismissed as set forth in the [October 15] Order." (Oct. 16, 2014 letter from Richard H. Reimer, Esq.)(copy annexed to this R&R).

Under the circumstances, we recommend that the current lawsuit be dismissed without prejudice under Rule 41(a)(1) or, alternatively, under Rule 41(a)(2). In this regard we note that plaintiff, a pro se litigant, expressly and explicitly stated her desire to dismiss voluntarily and without prejudice. Although she was under a misapprehension as to the availability of a Rule 41(a)((1)(i) voluntary dismissal, in view of her status as an untutored pro se litigant it is appropriate to deem her letter to be a request to file a voluntary dismissal under that rule since no answer or other response to the complaint has been filed by ASCAP, the only served defendant. In any event, in view of ASCAP's concurrence in such a disposition, plaintiff also substantively

2

satisfies the requirement of Rule 41(a)(1)(A)(ii), since both sides have concurred in writing in this disposition of the case. Finally, even if the two parties' letters to the court were not deemed a "stipulation" under Rule 41(a)(1)(A)(ii), the court has the authority under Rule 41(a)(2) to grant a plaintiff's request for dismissal "on terms that the court considers proper." Again, in view of the agreement of both sides that dismissal without prejudice is warranted, that disposition is appropriate here.

## CONCLUSION

For the reasons stated, we recommend that the Court deem plaintiff's October 8, 2014 letter to be a notice of dismissal without prejudice under Rule 41(a)(1)(A)(i). Alternatively we recommend that the case be dismissed without prejudice pursuant to either Rule 41(a)(1)(A)(ii) or Rule 41(a)(2).

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable Paul A. Crotty, Room 1350, 500 Pearl Street, New

York, New York, 10007-1312, and to the undersigned, Room 1670, 500 Pearl Street, New York, New York, 10007-1312. Failure to file timely objections may constitute a waiver of those objections, both in the District Court and on later appeal to the United States Court of Appeals. See 28 U.S.C. § 636 (b)(1); Fed. R. Civ. Pro. 72, 6(a), 6(e); Thomas v. Arn, 474 U.S. 140 (1985); DeLeon v. Strack, 234 F.3d 84, 86 (2d. Cir. 2000) (citing Small v. Sec'y. of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)).

**Dated: New York, New York
October 16, 2014**

_____
**MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE**

Copies of the foregoing Report & Recommendation have been mailed today to:

Ms. Anne Bryant
P.O. Box 418
Stony Point, New York 10980

Ms. Anne Bryant
2601 Jefferson Circle
Sarasota, Florida 34239


Richard H. Reimer, Esq.
ASCAP
One Lincoln Plaza
New York New York 10023
(212) 621-6000
Fax: (212) 787-1381




**LEGAL DEPARTMENT**
RICHARD REIMER
SENIOR VICE PRESIDENT - LEGAL

October 16, 2014

Sent via Fax

Hon. Michael H. Dolinger
United States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re: <u>Anne Bryant v. ASCAP</u> - 14cv05765 (PAC)(MHD)

Dear Judge Dolinger:

    On behalf of ASCAP, with regard to Your Honor's Order dated October 15, 2014, this is to advise that ASCAP does <u>not</u> have any reason to oppose Your Honor's recommendation that the action referred to above be dismissed as set forth in the Order.

                      Respectfully yours,

                      Richard H. Reimer

RHR:

cc: Anne Bryant (via e-mail)

**AMERICAN SOCIETY OF COMPOSERS, AUTHORS & PUBLISHERS**
ASCAP BUILDING, ONE LINCOLN PLAZA NEW YORK, NY 10023
PHONE: 212.621.6261 FAX: 212.787.1381 E-MAIL: rreimer@ascap.com
www.ascap.com

ANNE BRYANT

1

October 8, 2014

Fax to Chambers— FAX # 212-805-7928—   (3 pages)

To: Hon. Michael H. Dolinger, USMJ

From: Anne Bryant, Plaintiff, *pro se*

re: *Bryant- v- ASCAP and ASCAP Party #2901252*

**14-CV-5765 (PAC) (MHD)**

Dear Judge Dolinger,

    Thank you for your generosity yesterday; I appreciate the time you gave my matter, your questions, suggestions and commentary.

1.    I came away from the conference having concluded that there is nothing of real value for me to be gained in prolonging this action against ASCAP, in that the documents that I had hoped would be produced will not be produced by ASCAP. (e.g. *information pertaining to the genesis of improper registrations and the parties to whom royalty payments from 1985-1992 were directed to or through ASCAP Party #290125).*

2.    However, because, as stated by Mr. Reimer on ASCAP's behalf, the documents I had hoped to acquire are no longer available due to ASCAP's periodic merge-purge of information in their data systems, the information that ASCAP has gathered to produce, conditionally, is, for me, not worth the price of the legal obstacles imposed upon me if I were to sign ASCAP's Stipulation Regarding Confidentiality.

2601 JEFFERSON CIRCLE, SARASOTA, FL, 34239
P.O. BOX 418, STONY POINT, NY 10980 (SUMMER ADDRESS)
<ACCESSAB@GMX.COM>  <ABPRIVATEACCESS@GMAIL.COM>
917.848.5203

ANNE BRYANT                                                                    2

3.     Even as we were able yesterday to come to an understanding that documents produced by ASCAP could be used in other legal proceedings— even those in other Courts, as the case may be— my understanding is, in any event, I would continue to be responsible to secure a confidentiality certificate from any persons, including opposing lawyers and their staff's, defendants and other hostile parties— any or all of whom could simply refuse to sign the required certificate. Thus, I could be prevented from introducing the documents ASCAP is willing to provide, which could then only be produced by Court Order—*a recipe for prolonged Motion Practice.*

Other Settlement Offers from ASCAP

4.     I am not motivated by a payment to me from ASCAP of a sum of money that ranges from $21 - $3500.

Voluntary Dismissal of Defendant, ASCAP

5.     I studied last night and found that Fed. Rule 41 (a)(1)(A)(i) permits:

a) Voluntary Dismissal of an Action against a Defendant by the Plaintiff without a Court Order, if no Answer has yet been served by the Defendant. However, ASCAP did present a pre-answer on September 15, 2014, so this first provision (i) would seem to be incorrect for me to rely upon.

b) Fed. Rule 41 (a)(1)(A)(ii) permits Voluntary Dismissal of an Action against a Defendant by the Plaintiff if So Ordered by the Court. So, I believe this is the proper rule upon which I should rely.

c) Both rules state that dismissal is considered "without prejudice" unless otherwise agreed or ordered.

6.  I write today in order to pray for a Voluntary dismissal <u>without</u> prejudice of both Defendant's pursuant to Fed. Rule 41 (a)(1)(A)(ii).

Anne Marie Bryant, deceased (2010)

6.  ASCAP's data identifies Anne Marie Bryant as the mystery party #2901252. If this is correct, she is a deceased Party to the Action. However, it would appear from contemporary files, and other documents and testimony I have, that Anne Marie Bryant was represented in some capacity by a Publisher and/or Administrator (a "Representative").

7.  I believe a representative party will emerge in the near future. Rule 25 (a) 1,2,3 provide guidance in the event of the Death of a Party. While this is known to ASCAP, to me and to the Court, as the Plaintiff in the Action, I will file an official statement Noting the Death of Anne Marie Bryant for the record.

#

We are scheduled to meet with you again on October 30, 2014. Perhaps we can finalize this Voluntary Dismissal without prejudice against both Defendant's then or before then.

Thank you again for your time and attention to my matter.

Sincerely,

*[signature: Anne Bryant]*

Anne Bryant,
*Plaintiff, Pro Se*

cc: Mr. Richard Reimer, Esq. ASCAP —*via*—fax # 212-787-1381

2601 JEFFERSON CIRCLE, SARASOTA, FL, 34239
P.O. BOX 418, STONY POINT, NY 10980 (SUMMER ADDRESS)
<ACCESSAB@GMX.COM>  <ABPRIVATEACCESS@GMAIL.COM>
917.848.5203